# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **JEROME YEARBY,** § § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO. 6:21-CV-00503-JDK** |
| § | |
| **v.** § | |
| § | |
| **COMMISSIONER, SSA,** § | |
| § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 27, 2021, Plaintiff initiated this civil action pursuant to the Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. For the reasons stated below, the court **RECOMMENDS** that the Commissioner's decision be **REVERSED** and **REMANDED.**

### BACKGROUND

On February 4, 2020, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging a disability beginning January 28, 2020. (Transcript ("Tr.") at 54.) The claim was initially denied on September 9, 2020. *Id.* The claim was denied upon reconsideration on March 16, 2021. Tr. at 83. Plaintiff requested a hearing with the ALJ and had a hearing on July 14, 2021. Tr. at 33–53. The ALJ denied the claims on August 3, 2021. Tr. at 10–24. On November 5, 2021, the Appeals Council denied a request for review. Tr. at 1–3. Therefore,

the ALJ's decision became the Commissioner's decision, *Sims v. Apfel*, 530 U.S. 103, 106–7 (2000), and Plaintiff initiated this civil action for judicial review.

## STANDARD

Title II of the Act provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance–that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985). The court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

3

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). Under the five-step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)-(f) and 404.1520(b)(1)(f). An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his August 3, 2021 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since January 28, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease of the right shoulder post rotator cuff injury, heel spurs of the right foot, right ankle sprain, arthritis of the bilateral knees, sleep apnea, obesity, and posttraumatic stress syndrome (PTSD) (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the exertional requirements of sedentary work as defined in 20 CFR 404.1567(a). From a non-exertional standpoint, the claimant can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can perform no overhead reaching with the right dominant arm. The claimant can have no exposure to hazards, temperature extremes, and no concentrated exposure to vibrations or pulmonary irritants. From a mental standpoint, the claimant can understand, remember, and carry out simple and routine tasks and instructions. The claimant can perform jobs that require no more than occasional interaction with coworkers, supervisors, and the public. Finally, the claimant can perform work that does not require a production rate, such as a rigid quota.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on May 2, 1972 and thus is defined as a younger individual age 45-49 as of the alleged disability onset date and the date of this decision (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 28, 2020, through the date of this decision (20 CFR 404.1520(g)).

(Tr. at 10–24.)

The ALJ determined that Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. at 24.

## ANALYSIS

Plaintiff argues that remand is required because: (1) the ALJ failed to resolve an apparent conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"); (2) the ALJ failed to accept and include or reject and explain why he was not including in his RFC the limitations found in the medical opinion evidence of record; and (3) the ALJ and Appeals Council judges were not properly appointed and therefore had no legal authority to adjudicate the case. (Doc. No. 8, at 1.) The Commissioner argues that the ALJ properly considered the prior administrative findings and opinions in the record such that the ALJ's decision is supported by substantial evidence. (Doc. No. 9, at 1.)

### I. The ALJ's Step 5 Finding

As discussed above, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)-(f) and 404.1520(b)(1)(f). The burden of proof shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson*, 887 F.2d at 632–33. Here, the ALJ determined that Plaintiff is unable to perform any past work. Tr. at 23. Thus, the burden of proof shifted to the Commissioner to prove that Plaintiff can perform other work available in the local or national economy. Considering the evidence, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Id*. Specifically, based on the testimony of the VE, the ALJ noted that Plaintiff would be able to perform sedentary

unskilled occupations such as a hand mounter (DOT code 976.684-018); cutter and paster (DOT code 249.587-014); and addresser (DOT code 209.587-010). *Id.* at 24.

Plaintiff argues that the ALJ failed to resolve an apparent conflict between the VE testimony and the DOT with regard to reaching because the ALJ determined Plaintiff would be limited to no overhead reaching, but all three occupations identified by the VE (hand mounter, cutter and paster, addresser) require frequent reaching. (Doc. No. 8, at 6–7.) The Commissioner responds that there is no conflict because the DOT only mentions "reaching" but does not specify whether an occupation involves overhead reaching. (Doc. No. 9, at 2.) Moreover, the Commissioner argues that because Plaintiff failed to challenge the VE's testimony at the hearing, this court should follow the admonishment in *Carey* and find that Plaintiff may not now do so. *Id.* at 3 (citing *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000)).

Turning first to the apparent conflict, the ALJ determined that Plaintiff had the RFC to perform the exertional requirements of sedentary work as defined in 20 CFR 404.1567(a) and that Plaintiff "can perform no overhead reaching with the right dominant arm." Tr. at 18. This RFC was the basis of the hypothetical questions posed to the VE. As discussed, the VE testified that given these limitations, Plaintiff would be able to perform sedentary unskilled occupations available in the national economy such as a hand mounter (DOT code 976.684-018); cutter and paster (DOT code 249.587-014); and addresser (DOT code 209.587-010). Tr. at 50. As such, Plaintiff argues that a direct conflict was created by the VE's testimony between the ALJ's RFC determination that includes no overhead reaching and the description of the occupations in the DOT.

The ALJ did ask whether there were any conflicts between the VE's testimony and information contained in the DOT, and the VE testified that "[t]here's no conflicts." Tr. at 51.

7

Reyling on this testimony, the ALJ determined that Plaintiff was not disabled. Tr. at 24. However, if there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information." SSR 00–4p, 2000 WL 1898704, at *2–4 (Dec. 4, 2000). Here, the DOT information for the occupations cited by the VE (hand mounter (DOT code 976.684-018); cutter and paster (DOT code 249.587-014); and addresser (DOT code 209.587-010)), all discuss reaching. The Commissioner is correct that the information does not specify overhead reaching; however, it does not specify the direction of reaching required for the type of work described at all. For example, the "hand mounter" description involves both cutting and mounting photographic film transparencies, inserting mounts into heating presses, and packing mounts in boxes for shipment. DOT 976.684-018. The VE provided no further explanation other than to state that the descriptions were consistent based on his own experience, and the ALJ failed to elicit any further explanation. Tr. at 51. Without further explanation, an apparent unresolved conflict exists between the VE's testimony and the descriptions in the DOT. *See Moore v. Colvin*, 769 F.3d 987, 990 (8th Cir. 2014) (holding that the modifier "'clearing tables,' without more, was not sufficient to satisfy the question of whether or not the job of a cafeteria attendant requires more than occasional overhead reaching and that the ALJ improperly relied on the testimony of the VE without resolving this apparent conflict.").

As the burden rests with the Commissioner at Step Five, the court finds that the Commissioner failed to meet his burden by failing to elicit further explanation from the VE regarding types of reaching required by the occupations cited in relying on the VE's testimony. *Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015) ("[a]lthough we could guess what these

8

occupations require in reality, it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching."); *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 93 (2d Cir. 2019) ("But while 'this Court could guess' what the three jobs Heller identified 'require in reality, it [was] the [Commissioner's] duty to elicit an explanation from [Heller] as to whether th[ose] occupations actually require ... overhead reaching.'"). Moreover, as the burden rests with the Commissioner at Step Five, the Commissioner's reliance on *Carey* is not persuasive as it essentially shifts the burden back to Plaintiff, and was ultimately decided prior to SSR 00-4p, which affirmatively puts the burden of resolving conflict and explaining the resolution on the ALJ. SSR 00–4p, 2000 WL 1898704.

The court therefore **RECOMMENDS** that the case be **REVERSED** and **REMANDED** to the Commissioner. On remand, the Commissioner should resolve and explain the resolution of the apparent conflict between the VE's testimony and the DOT. As the court finds remand appropriate on this basis, the court will not now consider the additional arguments raised in Plaintiff's briefing. On remand, the Commissioner will have the opportunity to obviate any additional disputes.

## CONCLUSION

In light of the foregoing, pursuant to 42 U.S.C. § 405(g), the Court **RECOMMENDS** that the final decision of the Commissioner should be **REVERSED** and **REMANDED** for reconsideration in accordance with the findings herein.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 9th day of September, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE