IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **JEROME YEARBY,** § § § | |
| **Plaintiff,** § § | CIVIL ACTION NO. 6:21-CV-00503-JDK |
| v. § § | |
| **COMMISSIONER, SSA,** § § § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Jerome Yearby's application for attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 14.) The government filed a response of non-opposition to Plaintiff's requested fees and costs. (Doc. No. 17.) Upon consideration, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 14) be **GRANTED** as set forth herein.

**BACKGROUND**

On February 4, 2020, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging a disability beginning January 28, 2020. (Transcript ("Tr.") at 54.) The claim was initially denied on September 9, 2020. *Id.* The claim was denied upon reconsideration on March 16, 2021. Tr. at 83. Plaintiff requested a hearing with the ALJ and had a hearing on July 14, 2021. Tr. at 33–53. The ALJ denied the claims on August 3, 2021. Tr. at 10–24. On November 5, 2021, the Appeals Council denied a request for review, and the ALJ's decision became the Commissioner's decision. *Sims v. Apfel*, 530 U.S. 103, 106–7 (2000). (Tr. at

1–3.) Plaintiff then brought this action seeking judicial review pursuant to Section 205(g) of the Social Security Act. 42 U.S.C. § 405(g). (Doc. No. 1.)

On September 9, 2022, the Magistrate Judge issued a Report and Recommendation, recommending that the decision of the Commissioner be reversed and that this action be remanded to the Commissioner of the Social Security Administration for proceedings consistent with the opinion of the Court. (Doc. No. 11.) On September 29, 2022, this case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. Nos. 12, 13.) On December 23, 2022, Plaintiff filed the instant application for fees under the EAJA. (Doc. No. 14.) The government filed a response of non-opposition to Plaintiff's requested fees and costs. (Doc. No. 17.) The application has been referred to the undersigned.

## LEGAL STANDARD

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1083 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G).

## DISCUSSION

The court finds that an EAJA award is appropriate in this case as Plaintiff was the prevailing party in this action (Doc. No. 13), there is no evidence to suggest the Commissioner's position was substantially justified, and Plaintiff timely filed a fee application. Specifically, Plaintiff timely filed his fee application on the eighty-fifth day from the court's entry of final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing § 2412(d)(2)(G)) ("In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable."); *see also* Fed. R. App. Pro. 4(a)(1)(B)(iii) ("[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is … a United States officer or employee sued in an official capacity.") Here, because one of the parties is a United States officer sued in her official capacity as Commissioner of the Social Security Administration, Plaintiff had 60 days from the court's entry of final judgment to file a notice of appeal—the point at which the court's entry of final judgment would become a nonappealable "final judgment" for EAJA filing purposes. § 2412(d)(2)(G). Plaintiff had 30 days thereafter to file his application, *see* § 2412(d)(1)(B), and Plaintiff's application filed on December 23, 2022, was therefore timely filed for EAJA purposes.

Having found that an EAJA fee award is appropriate, the court turns to the amount of fees requested. Here, Plaintiff requests an EAJA fee in the amount of $8,480.00 for 40.00 hours of time at $212 per hour for work performed on this case in 2021 and 2022. (Doc. Nos. 14, 14-1.) Plaintiff argues that his hourly rate of $212 is reasonable by citing to the increase in the Consumer Price Index prepared by the Bureau of Labor and Statistics. (Doc. No. 14, at 1.) As to the hourly rate, this court has historically applied an annual approach for computing cost-of-living adjustment

based upon the Consumer Price Index. *See Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992) (finding cost-of-living adjustment should be applied on an annual basis under the EAJA); *see also Cunningham v. Comm'r Soc. Soc. Admin.*, No. 9:10-cv-148, 2013 WL 3337293, at *2 (E.D. Tex. July 1, 2013). The Consumer Price Index ("CPI") for all urban consumers for the Dallas-Fort Worth area lists the annual rate for 2021 at 251.620, with no annual report for 2022 yet. (*See* U.S. Bureau of Labor and Statistics CPI for All Urban Consumers (CPI-U), Series ID: CUURS37ASA0, available at https://data.bls.gov/pdq/SurveyOutputServlet). Thus, the appropriate 2021 hourly rate adjusted for cost-of-living is found by subtracting the 1996 March cost of living factor, 148.8, from the 2021 annual cost-of-living factor, 251.620, totaling a difference of 102.82. This difference is then divided by 148.8, resulting in a quotient of 0.691, or a 69.1% increase in the cost-of-living. Multiplying 1.691 by the original $125 maximum from 28 U.S.C. § 2412(d)(2)(A) yields a product of $211.37. Because Plaintiff did the vast majority of the work in this case in 2022 and has requested a rate of $212, to which there is no opposition from the government, the court find an appropriate hourly rate for work done in this case to be $212.

As to the number of hours worked, Plaintiff's counsel has submitted a declaration of hours worked as well as an itemized billing ledger with descriptions of the work performed and the corresponding hours. (Doc. No. 14-1.) Having reviewed these submissions, the court does not find the total of 40.0 hours worked in connection with this matter in 2021 and 2022 to be unreasonable. Thus, the court finds an EAJA fee in the amount of $8,480.00 representing 40.0 hours worked in this case at $212 an hour to be reasonable in this case. Plaintiff further seeks $402.00 in costs advanced for the fee associated with the filing of this federal action.

## CONCLUSION

For the reasons stated herein, the court finds a reasonable fee award for the hours worked in this case is $8,480.00. Accordingly, the court **RECOMMENDS** that Plaintiff's application (Doc. No. 14) be **GRANTED** and that the Commissioner pay to Plaintiff the sum of 8,480.00 in fees pursuant to EAJA, 28 U.S.C. § 2412(d), and $402.00 in costs, by making the payment payable to Plaintiff and sending the payment to Plaintiff's counsel.

**So ORDERED and SIGNED this 9th day of January, 2023.**

*[signature]*

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE